1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| 11 | TED AMPARAN, | Case No.: 18-CV-2522-BTM(WVG) |
| 12 | Petitioner, | |
| 13 | v. | REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS |
| 14 | M.E. SPEARMAN, Warden, | |
| 15 | Respondent. | |

16
17

18        On November 2, 2018, Petitioner Ted Amparan a Petition for Writ of Habeas Corpus

19 pursuant to 28 U.S.C. § 2254 challenging his criminal conviction of forcible sexual

20 penetration under California Penal Code section 289 and the consecutive sentences imposed

21 for forcible rape and forcible sexual penetration. Petitioner claims the evidence to support

22 his conviction is insufficient and that the trial court erred in imposing consecutive sentences.

23 Respondent contends that there is sufficient evidence to support the conviction and argues

24 that whether a consecutive sentence is proper under state law is not a cognizable claim. The

25 Court has considered the Petition and the Response and all supporting documents submitted

26 by the parties. For the reasons set forth below, the Court RECOMMENDS the Petition be

27 DENIED.

28 / / /

# I.    BACKGROUND

A jury found Ted Amparan, a Marine stationed at Camp Pendleton, guilty of sexually assaulting six different women over a number of years. He was found guilty of two counts each of forcible rape and assault with intent to commit a specific felony; three counts of forcible sexual penetration; and kidnapping to commit a specific felony. The trial court sentenced Amparan to an aggregated indeterminate term of 75 years-to-life in prison, plus life, plus a total determinate term of 15 years in prison.

Amparan appealed, raising the claims in the state court that he raises now. The California Court of Appeal rejected those claims. This Court gives deference to state court findings of fact and presumes them to be correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 36 (1992) (holding that findings of fact are entitled to statutory presumption of correctness). The following facts are taken from the California Court of Appeal's opinion on Petitioner's direct appeal, affirming the judgment of the trial court:

> ## A. Gabriela (count 5)[1]
>
> The jury found Amparan guilty of one count of sexual penetration by force against Gabriela. At trial, Gabriela testified that after Amparan tossed her to the ground he tried to pull her pants down, but was not able to access her private parts. She later clarified this statement meant that Amparan had not penetrated her vagina with his penis. Gabriela could not remember telling police that Amparan had put his finger in her vagina. She could not remember if Amparan put his finger in her "rear end." During cross-examination, Gabriela stated Amparan was able to pull her pants down to her thighs, but could not remember if he had digitally penetrated her anus. Gabriela, however, remembered speaking to the officers after the incident and telling them that Amparan had penetrated her anus. Gabriela admitted that she was very nervous coming into court to testify, a "10" on a scale of one to 10.

---

[1] Petitioner challenges only his conviction for Count 5 against victim Gabriella.

In rendering its decision, the jury also listened to a recording of the 911 telephone call Gabriela placed immediately after the incident in which she reported that Amparan had "stuck his finger in [her] ass and . . . tried to rape [her]." The jury heard testimony from San Diego Police Officer Wendy Valetin, who interviewed Gabriela immediately after the incident. Officer Valetin testified, without objection, that Gabriela told her that Amparan had thrown her to the ground and digitally penetrated her vagina twice and her anus five times. Officer Valetin testified that, in a later police interview, Gabriela told her that Amparan had digitally penetrated her vagina and anus.

(Lod. 5, ECF No. 7-18 at 2-6.); *see also People v. Amparan*, No. D069780, 2017 Cal. App. Unpub. LEXIS 3391, at *5-6 (Cal. Ct. App. 2017). Petitioner then appealed to the California Supreme Court, which denied the petition for review without comment. *People v. Amparan*, No. S242806, 2017 Cal. LEXIS 6222 (Cal. Aug. 9, 2017).

## II.    STANDARD OF REVIEW

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed after April 24, 1996 and Petitioner is in custody pursuant to the judgment of a state court. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). The Ninth Circuit has further explained:

An adjudication is contrary to clearly established Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. It is an unreasonable application of clearly established Supreme Court precedent if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case. An unreasonable application of federal law is different from an incorrect application of federal law. The federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. A state court's adjudication is unreasonable only if the federal habeas court concludes that no fairminded jurist could conclude that the adjudication was consistent with established Supreme Court precedent.

*Cain v. Chappell*, 870 F.3d 1003, 1012 (9th Cir. 2017) (quotation omitted).

Where there is no reasoned decision from the highest state court to which the claim was presented, the court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991); *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013), *as amended on denial of rehearing*, 733 F.3d 794 (9th Cir. 2013), *cert. denied*, 571 U.S. 1170 (2014). Where "the last reasoned opinion on the claim explicitly imposes a procedural default, [a court] will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst*, 501 U.S. at 803.

## III.   DISCUSSION

Petitioner's contends (1) there is insufficient evidence to support one of his convictions for forcible sexual penetration because, at trial, the victim stated she could not recall whether Petitioner had digitally penetrated her, and (2) the trial court erred in imposing consecutive sentences on counts 1 and 2 for forcible rape and forcible sexual penetration. Respondent argues that the California Court of Appeal reasonably rejected both of Petitioner's claims. Respondent argues that this Court should deny the Petition because a rational trier of fact could conclude that the elements of the crime were met beyond a reasonable doubt and the consecutive sentencing issue is not a cognizable not claim for which relief can be granted. This Court agrees.

/ / /

/ / /

/ / /

18-CV-2522-BTM(WVG)

**A.** **There is Sufficient Evidence to Support Petitioner's Conviction on Count 5 for Forcible Sexual Penetration.**

A court reviewing a state court conviction does not simply determine whether the evidence established guilt beyond a reasonable doubt. *See Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1993); *see also Coleman v. Johnson*, 566 U.S. 650, 655-56 (2012). Rather, the question is "whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Payne*, 982 F.2d at 338 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt is habeas relief warranted. *Jackson*, 443 U.S. at 324; *Payne*, 982 F.2d at 338. In applying this standard, a jury's credibility determinations are entitled to near-total deference. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

28 U.S.C. § 2254(d) imposes a second layer of deference: the state court's decision denying a sufficiency of the evidence claim may not be overturned on federal habeas unless the decision was "objectively unreasonable." *See Williams v. Taylor*, 529 U.S. 362, 409-10, (2000); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)).

The prosecution presented evidence of a 911 call placed by Gabriela immediately after the attack. (8 RT 726.) She told the operator that her attacker "stuck his finger in [her] ass and . . . tried to rape [her]." (1 CT 214.) Officer Wendy Valetin testified that in an interview immediately following the incident, Gabriela told her that Amparan digitally penetrated her vagina twice, and put his finger in her anus . . . five times." (9 RT 1074.) In another interview two weeks after the attack, Gabriella told Officer Valetin that Amparan "pushed her up against the wall and stuck his fingers in [her] vagina and butt." (9 RT 1079. At trial, however, Gabriela testified that she did not remember Amparan digitally penetrating her anus. (8 RT 743.) The recording of her 911 call played in trial did not refresh Gabriella's memory of the attack. (8 RT 727.)

Amparan argues that Gabriela's statements to the 911 operator do not constitute substantial evidence and her statements to police were not admissible because her failure to remember the event did not qualify as an inconsistent prior statement as her lack of memory was not feigned or evasive. The California Court of Appeal rejected these arguments:

> Gabriela lost her telephone during the attack. When she found her telephone, she called 911, which caused Amparan to leave. Gabriela made her statements immediately after the attack, while still under the stress of the situation and without the opportunity to reflect or contrive. Accordingly, the trial court did not abuse its discretion in admitting the 911 call under Evidence Code section 1240.

> Additionally, the trial court properly admitted Gabriela's statements to Officer Valetin under the exception to the hearsay rule for prior inconsistent statements. Evidence Code sections 7702 and 12353 provide an exception to the general rule against hearsay evidence where a witness's prior statement is inconsistent with the witness's testimony in the present hearing, provided the witness is given the opportunity to explain or deny the statement.

> When a witness does not recall or remember an event, there is no "inconsistency" within the meaning of Evidence Code section 1235. But, "'[w]hen a witness's claim of lack of memory amounts to deliberate evasion, inconsistency is implied.'" (*People v. Ledesma* (2006) 39 Cal.4th 641, 711.) A trial court is not required to expressly find inconsistency or evasiveness before overruling a hearsay objection; on appeal we will infer from the ruling that the trial court made the necessary implied factual findings.

> The record demonstrates that a reasonable basis existed for the trial court to conclude that Gabriela's claimed lack of memory at trial amounted to a deliberate evasion, thus giving rise to an inconsistency. First, although the trial took place over four years after the incident, Gabriela had no trouble recalling that before Amparan approached her, she was at El Cajon Boulevard and 35th Street, near the Church's Chicken, waiting for a bus to take her downtown. She recalled that Amparan drove a new burgundy colored Altima that had a paper saying "Mossy Nissan" on it instead of a license plate. Given Gabriela's recall of these details it is inherently dubious she could not recall whether Amparan had digitally penetrated or vagina or anus. Whether we would have concluded differently is irrelevant. There is reasonable basis in the record for the trial court to have concluded that Gabriela was being evasive in claiming she could not remember if Amparan had digitally penetrated her

18-CV-2522-BTM(WVG)

> vagina or anus. Thus, the trial court did not abuse its discretion in allowing Officer Valetin's testimony about Gabriela's statements under the exception to the hearsay rule for prior inconsistent statements.

*People v. Amparan*, No. D069780, 2017 Cal. App. Unpub. LEXIS 3391, at *8-11 (Cal. Ct. App. May 16, 2017) (most citations omitted). The California Court of Appeal's decision was not objectively unreasonable, and the evidence was sufficient to support the conviction.

To convict Amparan of forcible sexual penetration, the prosecution had to prove he digitally penetrated Gabriela's genital or anal opening, "however slight," against her "will by means of force, violence, duress, menace, or fear of immediate or unlawful bodily injury . . . ." Cal. Penal Code §§ 289(a)(1)(A); 289(k)(1). Although Gabriela could not recall at trial whether penetration occurred, the prosecution presented ample other evidence in the form of a 911 call that occurred immediately after the attack, a police interview that occurred shortly after the attack, and another police interview that occurred two weeks after the attack, thus corroborating the 911 call and the first interview. To find Petitioner guilty, the jury necessarily had to evaluate Gabriela's credibility at trial in light of these three pieces of evidence. The jury here did so, found Gabriela credible, and credited the three prior statements to the police and the 911 dispatcher. That determination is entitled to near-total deference by this Court. And in light of the three statements above, this Court cannot conclude that no rational trier of fact could have found proof of guilt beyond a reasonable doubt here. Accordingly, the Petition should be denied.

**B.    Claims Two and Three Are Not Cognizable**

In his second claim, Petitioner contends the trial court violated California Penal Code section 654 when it sentenced him to separate sentences for his two offenses committed against victim Alicia. However, matters relating to sentencing and serving of a sentence generally are governed by state law and do not raise a federal constitutional question. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507-08 (9th Cir. 1994). Here, Petitioner's claim raising a violation of California Penal Code section 654 is not cognizable in federal habeas corpus proceedings. *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir.

1989); *see also Quintero v. Muniz*, No. CV16-8195-AB (KS), 2019 U.S. Dist. LEXIS 72818, at *80 (C.D. Cal. Mar. 13, 2019); *Swanson v. Tampkins*, No. 17CV178-JLS(RBB), 2018 U.S. Dist. LEXIS 81004, at *7 (S.D. Cal. May 14, 2018).

In his third claim, Petitioner contends the trial court erred in imposing a consecutive sentence. However, the Supreme Court has never held that such state procedural requirements implicate the Constitution, and the Ninth Circuit has explicitly held "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure *and is not within the purview of federal habeas corpus*." *Cacoperdo*, 37 F.3d at 507 (citing *Ramirez v. Arizona*, 437 F.2d 119, 120 (9th Cir. 1971) (per curiam)) (emphasis added); *see also Fierro v. MacDougall*, 648 F.2d 1259, 1260 n.1 (9th Cir. 1981). Thus, given the absence of any Supreme Court precedent on the matter and the Ninth Circuit's unequivocal holding in *Cacoperdo*, habeas relief is not warranted on Petitioner's consecutive sentence claim.

## IV.   CONCLUSION

For the aforementioned reasons, the Court RECOMMENDS Petitioner's Petition for Writ of Habeas Corpus be DENIED.

This Report and Recommendation is submitted to the assigned District Judge pursuant to the provision of 28 U.S.C. section 636(b)(1).

**IT IS ORDERED** that no later than **September 21, 2019** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to objections shall be filed with the Court and served on all parties no later than **October 4, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  August 9, 2019

Hon. William V. Gallo
United States Magistrate Judge

8

18-CV-2522-BTM(WVG)