UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED AMPARAN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>M. E. SPEARMAN, Warden,<br>　　　　　　　　　　Respondent. | Case No.:  18cv2522-BTM (WVG)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AS MODIFIED AND DECLINING TO ADOPT IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(3) ISSUING A LIMITED CERTIFICATE OF APPEALABILITY** |

Petitioner Ted Amparan is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenges his San Diego County Superior Court convictions for eight felony counts involving kidnapping and sexual assault of six women, and his sentence of life in prison plus 75 years to life in prison plus 15 years in prison. (Id. at 1.) He claims the state appellate court's decision denying his claims of insufficiency of the evidence (claim one), imposition of multiple sentences

1

for the same offense (claim two), and imposition of consecutive sentences (claim three), is contrary to clearly established federal law and based on an unreasonable determination of the facts. (*Id*. at 4-5.)  Respondent has filed an Answer, contending the state court adjudication of claim one is neither contrary to nor an unreasonable application of federal law nor based on an unreasonable determination of the facts, and that claims two and three are not cognizable on federal habeas. (ECF No. 6.)

United States Magistrate Judge William V. Gallo has filed a Report and Recommendation ("R&R") finding that the state court denial of claim one is not contrary to clearly established federal law and claims two and three are not cognizable on federal habeas, and recommending the Petition be denied. (ECF No. 8.)  No party has filed Objections to the R&R.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). Having conducted a de novo review of the entirety of the Magistrate Judge's findings and conclusions irrespective of the absence of objections, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's findings and conclusions as to claim one, **DECLINES TO ADOPT** the Magistrate Judge's findings and conclusions as to claims two and three, **DENIES** habeas relief on all claims, and **ISSUES** a Certificate of Appealability limited to claim three.

**1. Claim One**

Petitioner claimed in the state appellate court that his federal due process rights were violated by his conviction on count 5 (rape by a foreign object) because the victim could not remember at trial, which took place more than four years later, whether she had been digitally penetrated by Petitioner.  (ECF No. 7-20 at 30-37.)  The appellate court found

sufficient evidence of digital penetration was presented at trial notwithstanding the victim's inability to remember, in the form of the victim's statements in a recorded 911 call and to a responding police officer she had been digitally penetrated. (ECF No. 7-23 at 5-10.) The state supreme court summarily denied the petition for review of that opinion raising the same claim. (ECF No. 7-25.) Because claim one was adjudicated on the merits in state court, in order to be entitled to federal habeas relief Petitioner must first show the state appellate court adjudication is contrary to or involves an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1)-(2); Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that later unexplained orders addressing the same claim are presumed to rest on the same grounds).

Magistrate Judge Gallo correctly found that the state appellate court adjudication of claim one is not contrary to clearly established United States Supreme Court precedent which requires a habeas petitioner to overcome a heavy burden of showing no rational trier of fact could have found him guilty beyond a reasonable doubt. (ECF No. 8 at 5-7.) The Court adopts that finding with the following modifications. Petitioner has failed to show for the same reasons set forth in the R&R that the state court adjudication of claim one involved an unreasonable application of clearly established federal law. In addition, Petitioner has failed to establish the state court adjudication of this claim is based on an unreasonable determination of the facts in light of the evidence presented to the state court because he has failed to establish that the state court factual findings are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). For the reasons set forth in the R&R, with those modifications, the Court denies habeas relief on claim one.

**2. Claim Two**

Petitioner claimed in the state appellate court that the trial court erred in imposing separate sentences on counts 6 and 7 because they involved the same victim and an indivisible course of conduct. (ECF No. 7-20 at 36-41.) The appellate court agreed and granted relief on this claim, ordering the sentence to be modified accordingly. (ECF No.

7-23 at 10-14.) Petitioner alleges in claim two here that the appellate court adjudication was contrary to clearly established federal law or based on an unreasonable determination of the facts. (ECF No. 1 at 4.) The Magistrate Judge recommended denial of this claim because it is not cognizable on federal habeas. (ECF No. 8 at 7-8.) The Court declines to adopt that finding and denies relief on claim two because Petitioner has obtained complete relief on this claim in state court.

### 3. Claim Three

Petitioner claimed in the state appellate court that the trial court erred in running his sentences consecutively on count 1 (forcible rape) and count 2 (forcible sexual penetration) because they involved the same victim on the same occasion. (ECF No. 7-20 at 42-54.) The appellate court noted that the victim testified Petitioner put his finger in her vagina and then put his penis in her vagina, but the attorneys did not elicit facts showing Petitioner had a reasonable opportunity for reflection between those two acts. (ECF No. 7-23 at 17.) The appellate court noted that although California Penal Code § 667.6(d) mandates consecutive sentences for these sex offenses when they involve the same victim on separate occasions, it agreed with Petitioner that the trial judge erred in imposing consecutive sentences under that provision because there was insufficient evidence to show the digital penetration and rape occurred as separate instances. (Id. at 14-17.) The court denied relief, however, because Petitioner had forfeited the claim by failing to raise it in the trial court, and, even assuming the claim could have been brought as an ineffective assistance of counsel claim alleging a failure to object at trial, the trial judge had discretion under Penal Code § 667.6(c) to run the sentences consecutively. (Id. at 17-18.) Although that provision requires the trial court to state on the record it was aware of its discretion to impose consecutive or concurrent sentences and it failed to do so, the appellate court found Petitioner had waived any claim by not requesting the trial court make a record, and, even if he had brought an ineffective assistance of counsel claim alleging a failure by his attorney to do so, there was no basis to find the trial court would have decided differently had it been asked to make a record. (Id.) Although Petitioner did not raise a federal claim in the appellate court, the

state supreme court summarily denied his subsequent claim in the petition for review that it was inconsistent with the Fourteenth Amendment for the appellate court to interpret the California Penal Code to allow for consecutive sentences when there is insufficient evidence of separate acts. (ECF No. 7-24 at 15.) Petitioner claims here that the appellate court's decision is contrary to clearly established federal law and based on an unreasonable determination of the facts. (ECF No. 1 at 5.)

The Magistrate Judge recommended denying relief on this claim on the basis that clearly established federal law provides that the exercise of discretion of statutory authority by a state court to run sentences consecutively is a matter of state criminal procedure which does not present a cognizable federal claim. (ECF No. 8 at 8.) The Court declines to adopt that finding. Although a federal habeas petitioner generally may not bring a cognizable federal habeas claim based merely on an erroneous application of state law, there is a well-recognized exception providing that a Fourteenth Amendment violation can arise from a state court sentencing decision involving an arbitrary application of state law or an erroneous factual finding amounting to fundamental unfairness. See Richmond v. Lewis, 506 U.S. 40, 50 (1992) (holding that a state court's application of state law does not rise to the level of a federal due process violation unless it was so arbitrary or capricious as to constitute an independent due process violation); Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993) ("[T]he failure of a state to abide by its own statutory commands [regarding sentencing] may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state."); Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (holding that a state statute which vested sentencing discretion in a jury created "a substantial and legitimate expectation that [a defendant] will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, . . . and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State.") (citation omitted).

Here, the trial court erred under state law in imposing consecutive sentences under Penal Code § 667.6(d) because there is insufficient evidence counts 1 and 2 were separate

incidents, and although the trial court had discretion to impose consecutive sentences under Penal Code § 667.6(c), it erred under state law in failing to state on the record it was aware of its discretion as required by that provision. Although Petitioner argued in the appellate court that Penal Code § 667.6(d) did not apply, he did not raise a federal claim in that court. (ECF No. 7-20 at 42-54.) The appellate court denied relief, stating:

> As Amparan notes, when exercising its discretion to sentence under section 667.6(c), the trial court failed to provide a statement of reasons. Amparan, however, forfeited the issue by failing to object below. (*People v. Scott* (2015) 61 Cal.4th 363, 406 (holding forfeited defendant's claim that the trial court erred by failing to state its reasons for imposing full consecutive terms under section 667.6(c)).) Amparan does not make an alternative claim of ineffective assistance of counsel based on his counsel's failure to object when the trial court did not provide a statement of reasons. Even if he had made this claim, we would reject it as there is not a reasonable probability the outcome of the proceedings would have been different had an objection been made. (See *Strickland v. Washington* (1984) 466 U.S. 668, 694.) The record reflects the trial court's understanding that it had the discretion to sentence Amparan under section 667.6(c). There is no reason to believe that the court would have reached a different conclusion had it been asked to state the reasons for making the sentences on counts 1 and 2 consecutive. Accordingly, any ineffective assistance of counsel claim fails as Amparan has not met his burden of showing prejudice. (*People v. Porter* (1987) 194 Cal.App.3d 34, 39 ("it would be idle to remand to the trial court for a new statement of reasons, as it is not reasonably probable that a result more favorable to appellant would occur").)

(ECF No. 7-23 at 18.)

In his petition for review of that opinion in the state supreme court Petitioner claimed that consecutive sentences under Penal Code § 667.6(d) or (c) imposed for continuous acts is inconsistent with the due process protections of the Fourteenth Amendment where there is no additional basis in the record as to why the sentences were ordered to run consecutively. (ECF No. 7-24 at 9-15.) That petition was summarily denied. (ECF No. 7-25.) Because Petitioner did not raise a federal claim in the appellate court, the Court must independently review the record in applying the provisions of 28 U.S.C. § 2254(d) to the silent denial of the federal claim by the state supreme court, but it looks to the appellate

court opinion to the extent it is relevant to that analysis.  See <u>Frantz v. Hazey</u>, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (holding that even if the state court does not address the constitutional issue, where its reasoning is relevant to resolution of the constitutional issue it must be part of federal habeas court's consideration).

Under a liberal construction of the federal Petition, Petitioner is claiming that he is serving consecutive sentences on counts 1 and 2 in violation of the Fourteenth Amendment's prohibition on fundamentally unfair sentencing procedures, and argues that the state appellate court's finding as to what the trial court would have done had the state procedures been followed is arbitrary, in that it is without a factual foundation and wholly speculative, and relies on an erroneous finding he could not show prejudice from his counsel's failure to object to the trial judge's failure to make a record.  That claim is cognizable on federal habeas and the Court will address it in the first instance.

Petitioner's claim may be procedurally defaulted because the appellate court found his failure to contemporaneously object resulted in its forfeiture.  See <u>Vansickel v. White</u>, 166 F.3d 953, 957-58 (9th Cir. 1999) (affirming denial of habeas relief on procedural default grounds based on California's contemporaneous objection rule).  However, the Court will address the merits because Respondent has not raised the defense and Petitioner has not been provided an opportunity to establish relief from a default in this Court.

As the state appellate court noted, Penal Code § 667.6(d) provides for mandatory consecutive sentences but does not apply here, whereas Penal Code § 667.6(c) provides for discretion to impose consecutive or concurrent sentences and provides that "the court ideally should explain choosing consecutive rather than concurrent and full rather than subordinate, though the same reason may justify both choices.  At a minimum the record must reflect a recognition that two sentencing choices are involved." (ECF No. 7-23 at 17-18.)  The appellate court found that the record supported a finding the trial court was aware it had discretion to impose either sentence, and that there was no basis to conclude the trial judge would have decided differently had it been asked by Petitioner's counsel to make a record.  (<u>Id.</u> at 18.)  At the sentencing hearing the trial judge stated that count 2 "should be

consecutive" under Penal Code § 667.6(d), and that she would follow the recommendation of the probation officer.  (ECF No. 7-17 at 13-14.)  The probation officer's report erroneously concluded that counts 1 and 2 were required to run consecutively under Penal Code § 667.6(d) because they involved separate incidents.  (ECF No. 7-19 at 99.)  When the prosecutor asked the judge to state the reasons for running the sentences consecutively under Penal Code § 667.6(c), the trial judge responded that she had imposed the consecutive sentences under Penal Code § 667.6(d), not § 667.6(c).  (ECF No. 7-17 at 15.)  The prosecutor replied: "You can do it – it's consecutive, but you can do it under both (d) and (c)."  (Id.)  The trial judge replied: "(c) is also applicable.  You know, I could do it under both.  So to make sure that it's clear, I will do it under both, but I believe it's - I think the (d) is controlling, but I can see where you could say that on review it might not be viewed as two separate acts.  I will do that."  (Id. at 15-16.)

Thus, the record shows the trial judge was aware she could run the sentences consecutively under either provision and was aware Penal Code § 667.6(c) might be necessary because there could be reasonable disagreement whether Penal Code § 667.6(d) applied.  The record appears to reflect only that the trial judge was aware she could order consecutive sentences under both sections of the penal code and does not show she was aware she could order the sentences to run concurrently under Penal Code § 667.6(c).  Assuming Petitioner could satisfy 28 U.S.C. § 2254(d)(2) by showing the state appellate court made an objectively unreasonable factual determination that the record reflects the trial judge was aware she had discretion to run the sentences concurrently under Penal Code § 667.6(c), he must still establish a federal violation.  Frantz, 533 F.3d at 735-36.  As set forth above, to do so he must show it was arbitrary for the trial court to impose consecutive sentences, or they were imposed based on an erroneous factual finding, so as to amount to a fundamentally unfair sentencing determination.

Petitioner was convicted of two separate crimes in count 1 (forcible rape) and count 2 (forcible sexual penetration), but because there was insufficient evidence produced at trial that he had adequate time to reflect between those two acts he was not subject to

mandatory consecutive sentences under California law. However, there is nothing arbitrary or fundamentally unfair about running the sentences consecutively on those counts because California law provides sentencing judges with such discretion. See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (holding that a sentence unauthorized by state law is unconstitutional); United States v. Hanna, 49 F.3d 572, 576-77 (9th Cir. 1995) (holding that sentence based on materially false or misleading evidence violates due process). Neither has Petitioner shown the trial judge based her decision on an erroneous factual determination that there was sufficient evidence he had time to reflect on his actions between commission of counts 1 and 2. Although the trial judge initially stated she was imposing consecutive sentences based on that erroneous finding, she acknowledged there could be reasonable disagreement over whether the mandatory provision applied and stated on the record she was imposing sentence based on both the mandatory and discretionary provisions. The record does not explicitly confirm the trial judge knew she had discretion under the discretionary provision, but neither does it contain any evidence she was unaware of such discretion. In fact, it would appear odd for the trial judge to impose sentence under both provisions if she believed both provisions required mandatory consecutive sentencing. Although this appears to violate California law requiring that "[a]t a minimum the record must reflect a recognition that two sentencing choices are involved," a federal constitutional violation cannot be predicated merely on a violation of state law, as Petitioner must show his sentence is fundamentally unfair because it is arbitrary or based on an erroneous factual finding. Although the trial judge erroneously found sufficient evidence to support mandatory sentencing under Penal Code § 667.6(d), she did not insist she was correct but acknowledged she could be wrong and imposed the sentence within her discretion under Penal Code § 667.6(d), and her mere failure to make a record that she had such discretion is not so fundamentally unfair or unjust so as to support federal habeas relief. See Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) ("[N]either an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list reasons for imposing consecutive sentences, can form the basis for

federal habeas relief."); <u>Pulley v. Harris</u>, 465 U.S. 37, 41-42 (1984) (holding that a state court's decision must be so fundamentally unfair or unjust as to violate federal due process, a standard which is rarely satisfied).

In sum, assuming Petitioner could satisfy the provisions of 28 U.S.C. § 2254(d), he has not established a federal constitutional violation with respect to his claim that consecutive sentences on counts 1 and 2 is so fundamentally unfair as to violate his federal constitutional rights, and the Court denies habeas relief on claim three on that basis.

### 4. Certificate of Appealability

"[T]he only question [in determining whether to grant a Certificate of Appealability] is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Buck v. Davis</u>, 580 U.S. ___, 137 S.Ct. 759, 773 (2017). The Court finds a Certificate of Appealability is appropriate under that standard as to claim three in the Petition only.

### CONCLUSION AND ORDER

The Court **ADOPTS AS MODIFIED IN PART** and **DECLINES TO ADOPT IN PART** the findings and conclusions of the Magistrate Judge as set forth herein. The Petition for a Writ of Habeas Corpus is **DENIED**. The Court **ISSUES** a Certificate of Appealability limited to claim three in the Petition.

DATED: May 7, 2020

_____
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE